# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LEROY AND LISA THEARD d/b/a ABUNDANT LIFE FULL GOSPEL CHURCH | CIVIL ACTION |
| VERSUS | NO: 09-305 |
| COLONY INSURANCE COMPANY | SECTION: "C" (1) |

## ORDER AND REASONS[1]

This matter is before the Court on the issue of its subject matter jurisdiction. The Court previously ordered that the parties submit memoranda on the issue of amount in controversy at the time of filing. Rec. Doc. 4. The plaintiffs argued that the jurisdictional minimum was satisfied. Rec. Doc. 5. The defendant submitted neither a memorandum addressing subject matter jurisdiction nor an answer to plaintiffs' complaint. Having considered the record, the plaintiffs' memorandum, and the law, the Court has determined that it lacks jurisdiction for the following reasons.

## I. BACKGROUND

The plaintiffs originally filed suit in the Eastern District of Louisiana as part of the mass insurance case of *Aaron et al. v. AIG Centennial Ins. Co.*, Civil Action No. 06-4746, to recover payment for property damage under their insurance policy with Colony Insurance Company

---

[1] Anna Elsohn, a second year student at Loyola University New Orleans College of Law assisted in the preparation of this opinion.

("CIC"). Rec. Doc. 1. The case was consolidated with the *In Re Katrina Canal Breaches Consolidated Litigation*, 495 F.3d 191 (5th Cir. 2007). Magistrate Judge Wilkinson issued an order requiring the plaintiffs to each file an individual amended complaint asserting claims as to their respective property. The plaintiffs then filed an individualized amended complaint against CIC.[2] Rec. Doc. 1.

At the time of Hurricane Katrina, on August 29, 2005, plaintiffs Leroy and Lisa Theard, doing business as Abundant Life Full Gospel Church, claim they were insured under a policy issued by CIC which provided coverage to their property located at 6936 Downman Road, New Orleans, Louisiana 70126. Rec. Doc. 5 at 1. They alleged that this property was a commercial property and that it sustained damages in the amount of $691,832, for which they did not provide any affirmative proof. *Id*. The plaintiffs alleged that $404,605 of the damage was due to wind damage. *Id*. The plaintiffs did not include a copy of their insurance policy, nor did they state their policy limits. They did, however, state that they have received $69,879 in prior payments and that they did not have flood insurance and, therefore, they received no flood benefits. *Id*.

The defendant submitted neither a memorandum addressing subject matter jurisdiction, nor an answer to plaintiffs' complaint. The plaintiffs allege that they have received $69,879 in payments, though they did not mention from whom those payments were received. *Id*. The plaintiffs also made a claim for penalties. *Id*. Though they did not specifically mention in their amended complaint under which statutes they made a claim for penalties, the plaintiffs did include a letter sent by their attorney to the attorneys representing CIC. Rec. Doc. 5-2. In that

---

[2]Plaintiffs' amended complaint, Rec. Doc. 1, is insufficient because it does not specifically address the damage they claim their property sustained. The plaintiffs only stated that they adopt, "as if copied *in extenso* all of the allegations of fact and law in the original and supplemental and amended complaint attached." Rec. Doc. 1 at 2.

letter they mentioned La. R.S. 22:658 and La. R.S. 22:1220. *Id*. at 1-2. The plaintiffs allege that this Court has subject matter jurisdiction on the basis of diversity of citizenship. Rec. Doc. 5.

## II. LAW AND ANALYSIS

Under 28 U.S.C. §1332, federal district courts have original jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–citizens of different states..." 28 U.S.C. §1332. Parties may neither consent to nor waive federal subject matter jurisdiction. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 858 (5th Cir. 1999). Rather, the court must independently determine whether or not it has jurisdiction over the parties and the subject matter of the dispute. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999). The party attempting to invoke jurisdiction must "allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 287 (1938), *citing McNutt v. General Motors Corp.*, 298 U.S. 178, 182-189 (1936); *Diefenthal v. Civil Aeronautics Board*, 681 F.2d 1039 (5th Cir. 1983), (*cert. denied*, 459 U.S. 1107 (1983)). The courts have further instructed that a jurisdictional determination must be conducted in such a manner as to enable an appellate court to ascertain whether the evidence supports the ultimate finding. *Opelika Nursing Home, Inc. v. Richardson*, 448 F.2d 658 (5th Cir. 1971).

Because the domicile of neither the plaintiffs nor the defendant is disputed, and the parties are completely diverse for the purposes of diversity jurisdiction,[3] Rec. Doc. 1 at 1, the sole issue in this case is whether there is, in fact, over $75,000 in controversy between the

---

[3] Plaintiffs are domiciled in Louisiana. Rec. Doc. 1 at 1. CIC is a foreign corporation. Rec. Doc. 1. Therefore the parties are completely diverse for the purposes of diversity jurisdiction.

parties. The majority of Fifth Circuit cases concerning amounts in controversy deal with cases that were removed from state to federal court. The Fifth Circuit has, however, applied the same principles and procedures to matters over which the federal court does have original jurisdiction. *See St. Paul Reinsurance Co. Inc. v. Greenberg*, 134 F.3d 1250 (5th Cir. 1998) (dealing with an action for declaratory judgment).

In cases that are removed from state court to federal court, the removing party must be able to show by a preponderance of the evidence, that the amount in controversy exceeds $75,000. *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993). *See also Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999). The defendant may make this showing in either of two ways: (1) by demonstrating that it is "facially apparent" that the claims are likely above $75,000, or (2) "by setting forth the *facts* in controversy–preferably in the removal petition, but sometimes by affidavit–that support a finding of the requisite amount." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (emphasis in original). In *Allen*, the court explained that if this "facially apparent" test has not been met, the court may instead require that the parties show "summary judgment-type evidence" regarding the amount in controversy. *Id*. The burden of proving that the minimum jurisdictional amount has been satisfied is on the party invoking the court's jurisdiction. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283 (1938). *See also McNutt v. General Motors Corp.*, 298 U.S. 178 (1936). In this case, therefore, that burden falls on the plaintiffs.

Furthermore, in cases concerning insurance policies, the relevant inquiry to determine the amount in controversy is the damage to the property at the time the initial complaint is filed, not the insurance policy limits or the value of the property. *Hartford Ins. Group v. Lou-Con Inc.*,

4

293 F.3d 908 (5th Cir. 2002). Accordingly, in this case the plaintiffs' damage estimate, and not the policy limits, controls. Parties would need to provide evidence implicating the limits of the policy, damage assessments, or repair estimates. *Fernandez v. Allstate Ins. Co.*, 2008 WL 314405 (E.D.La. 2008).

In their memorandum addressing subject matter jurisdiction, the plaintiffs did not mention their policy limits. Rec. Doc. 5. They provided their own estimate of damages–approximately $691,832, of which they alleged approximately $404,605 was due to wind damage. Rec. Doc. 5 at 1. They did not provide any affirmative proof detailing the damage they claim their property sustained. They stated that they have received approximately $69,879 in payments and that they did not have flood insurance and, therefore, did not receive flood benefits. *Id*. Plaintiffs attached a copy of a letter written by their attorney to the attorneys representing CIC, showing the amount for which they made a formal demand. Rec. Doc. 5-2 at 1. They demanded a total of $404,605.88. *Id*. That amount included $263,478.05 for the dwelling, "N/A" for additional living expenses, $38,483.95 for contents, $1,500 for cost expense, and $101,143.88 for attorney fees. Rec. Doc. 5-2 at 1.

When ascertaining whether it has jurisdiction, "'the court depends upon the state of things at the time of the action brought.'" *Grupo Dataflux v. Atlas Global Group,* 541 U.S. 567, 570 (2004) (*quoting Mollan v. Torrance*, 9 Wheat. 537, 539, 6 L.Ed. 154 (1824). "[F]or purposes of diversity jurisdiction, the amount in controversy is established as of the date of the complaint and is not reevaluated based on post-filing events." *Hall v. Earthlink Network, Inc.*, 396 F.3d 500, 506 (2d Cir. 2005) (*referring to St. Paul Mercury Indemnity Co.*, 303 U.S. at 289-90) ("Events occurring subsequent to the institution of suit which reduce the amount recoverable

5

below the statutory limit do not oust jurisdiction."). Plaintiff's demand letter was issued in 2008, after the filing of the original complaint in this matter in 2006, and therefore constitutes a post-filing event.[4] In any event, without affirmative proof of the damage that the plaintiff claims her property sustained, however, it is impossible to determine how much remains in controversy between the parties.

Finally, plaintiffs made a claim for penalties. In their letter to CIC, the plaintiffs mentioned La. R.S. 22:658 and La. R.S. 22:1220. *Id*. at 1, 2. Simply stating that they may be entitled to penalties is not enough. The plaintiffs would have needed to present actual facts indicating the propriety of such penalties and indicating why they are actually entitled to those penalties. *Thompson v. Allstate Ins. Co.*, 2007 WL 763219 (E.D.La. March 18, 2007). The statutes spell out the insurer's duty of good faith and fair dealing as well as the insurer's affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims. They also require findings of fact. La. R.S. 22:658 and La. R.S. 22:1220. Neither party has provided facts relevant to the allocation of penalties. In *St. Paul Reinsurance Co.*, the Fifth Circuit held that a statutory penalty that required no adjudication could be used to establish threshold jurisdiction, *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250 (5th Cir. 1998), but they did not hold that any claim for statutory penalties that would raise the amount in controversy above the jurisdictional minimum would suffice. The plaintiff may be entitled to penalties, but the Louisiana statute details six specific actions that constitute a "breach," and the "breach" must be demonstrated with actual evidence. The plaintiffs have not provided evidence

---

[4]The Court understands that the process devised in these matters with regard to allowance of amended complaints, instead of dismissals, sought to avoid any issues as to prescription. Accordingly, the Court relies on the original filing date as relevant herein.

demonstrating the "arbitrary and capricious" nature of the defendants' acts.

Neither party has demonstrated that the amount in controversy exceeds the required minimum of $75,000. Therefore, this Court does not have subject matter jurisdiction over this action.

## III. CONCLUSION

Accordingly,

IT IS ORDERED that plaintiffs' complaint is hereby DISMISSED for lack of subject matter jurisdiction under 28 U.S.C. §1332.

New Orleans, Louisiana this 2nd day of July, 2009.

_____
**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**